UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON SINCLAIR BRUCE,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>XAVIER BECERRA, acting in his official capacity as the Secretary of the Department of Health and Human Services,<br><br>　　　　　　　　　　Defendant. | Case No.: 3:22-cv-00115-JES-JLB<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>**[ECF Nos. 31, 44]** |

Plaintiff Brandon Sinclair Bruce ("Plaintiff") brings claims of employment discrimination and retaliation against the Secretary of the U.S. Department of Health and Human Services ("Defendant"). Before the Court are competing Motions for Summary Judgment, which are fully briefed. ECF Nos. 31, 44. After considering the arguments, briefs, and caselaw, the Court **DENIES** Plaintiff's Motion for Summary Judgment and **GRANTS** Defendant's Motion for Summary Judgment.

## I.　BACKGROUND

Plaintiff commenced this action on January 28, 2022, raising disparate treatment employment discrimination and retaliation claims. ECF No. 1 at 2. In his Complaint, Plaintiff alleges that Defendant violated his rights under Title VII of the Civil Rights Act

of 1964 ("Title VII") and the Rehabilitation Act of 1973 ("Rehabilitation Act" or "Rehab Act") when he was not selected on June 9, 2020 for a GS-14 position with Center for Tobacco Products ("CTP"), which was one tier higher than his position at the GS-13 level. *Id.*; ECF Nos. 31 at 2, 44 at 1.

On March 11, 2020, Plaintiff applied for the GS-14 position. ECF No. 44 at 1. Plaintiff was interviewed on April 10, 2020, by Michelle Jackson ("Jackson"), Elenita Ibarra-Pratt ("Ibarra-Pratt"), and Steve Hilbert ("Hilbert"). *Id.* at 2; ECF No. 31 at 2. The panel interviewed 14 applicants seeking to hire multiple people to be placed in different CTP subdivisions. *Id.* Particularly, the panel expected to hire 1 to 2 people to work in the Division of Business Operations ("DBO"), 1 to 2 people to work in the Division of Promotion, Advertising, and Labeling ("DPAL"), and 1 person to work in the Division of State Programs ("DSP"). *Id.* at 2-3. Each applicant was asked nine uniform questions, and their responses were scored separately on a scale by each of their interviewers. *Id.* at 2. Plaintiff's combined score ("CS") was 99. ECF No. 44 at 4.

During the hiring process, Defendant required Plaintiff to submit three references. *Id.* at 8; ECF No. 38 at 1. Undisputedly, one of Plaintiff's references was contacted by Carlene Farris-Clarke ("Farris-Clarke"), Deputy Director of the DBO, on May 5, 2020. ECF No. 44 at 3. Thereafter, on June 9, 2020, Plaintiff was informed that he was not selected for the GS-14 position. *Id.* at 4. Instead, Thomas Lawson ("Lawson"), a Black male, CS 100, and Thomas Laubacher ("Laubacher"), a white male, CS 114, were selected for the DBO role. ECF No. 31 at 3-4. Kimberly Viola ("Viola"), a white female, CS 110, was selected for the DPAL role. *Id.* at 4. And Carley Lockheed ("Lockheed"), a white female, CS 100, was selected for the DSP role. *Id.*

Prior to Plaintiff's candidacy for the GS-14 position, Jackson was named in a prior Equal Employment Opportunity ("EEO") complaint involving Plaintiff in June and July 2019. ECF Nos. 31 at 8, 44 at 3, 21. In that matter, Plaintiff sought to ensure that he received reasonable accommodations, and that Defendant honored those accommodations. *Id.*; ECF No. 52 at 3. There, an administrative judge ("AJ") found that

Jackson discriminated against Plaintiff by failing to engage in the interactive process regarding Plaintiff's reasonable accommodation requests. ECF No. 31 at 8.

Plaintiff's claims against Defendant arise from Plaintiff's non-selection and prior protected activity involving Jackson. These claims include Title VII disparate treatment on the basis of race, color, and gender, Rehab Act disparate treatment on the basis of disability, and Title VII retaliation for his prior protected activity. *See generally* ECF No. 44.

On March 16, 2023, this action was transferred to the undersigned. ECF No. 26. On March 24, 2023, Defendant's filed a Motion for Summary Judgment on the above claims. ECF No. 31. That same day, Plaintiff cross-moved for summary judgment without properly noticing Defendant. ECF No. 32. On May 18, 2023, the Court issued an Order striking Plaintiff's *ex parte* motion. ECF No. 41. On June 2, 2023, Plaintiff re-filed his Cross-Motion for Summary Judgment on all claims. ECF No. 44.

## II.    LEGAL STANDARD

When parties submit cross-motions for summary judgment, the court must consider each motion on its own merits. *See Fair Hous. Council v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001). The court will grant summary judgment when, viewing the facts in a light most favorable to the nonmovant, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Facts are "material" if it might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). A factual dispute is "genuine" if there is sufficient evidence that a reasonable jury could find for the nonmoving party. *Far Out Prods. v. Oskar*, 247 F.3d 986, 992 (9th Cir. 2001) (citing *Anderson*, 477 U.S. at 248-49).

Summary judgment may also be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986); *see also Dixon v. Sentinel Ins. Co.*,

2010 U.S. Dist. LEXIS 46454, at *5-6 (D. Or. Apr. 8, 2010) ("[T]he court must consider each motion separately to determine whether either party has met its burden . . . .").

On cross-motions for summary judgment, when a plaintiff bears the burden of proof, he must prove all essential elements of his claims. *See Leuenberger v. Walmart, Inc.*, No. 2:22-cv-01598-CDS-BNW, 2024 U.S. Dist. LEXIS 3502, at *3 (D. Nev. Jan. 5, 2024) (citing *S. Cal. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 888 (9th Cir. 2003)). In contrast, when a defendant does not shoulder the burden of proof, his motion for summary judgment faces a lighter burden. *See First Pac. Networks v. Atl. Mut. Ins. Co.*, 891 F. Supp. 510, 513 (N.D. Cal. 1995). In such case, the defendant need only point to the insufficiency of the plaintiff's evidence to shift the burden to the plaintiff to raise genuine factual disputes as to each claim. *See id.*

At the summary judgment stage, the "court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial." *Assurance Co. of Am. v. Ironshore Specialty Ins. Co.*, No. 2:13-cv-2191-GMN-CWH, 2015 U.S. Dist. LEXIS 98990, at *6-7 (D. Nev. July 29, 2015) (citing *Anderson*, 477 U.S. at 249).

### III. DISCUSSION

Plaintiff brings claims for (1) disparate treatment discrimination on the basis of race and color in violation of Title VII; (2) disparate treatment discrimination on the basis of gender in violation of Title VII; (3) disparate treatment discrimination on the basis of disability in violation of the Rehabilitation Act; and (4) retaliation in violation of Title VII. *See* ECF Nos. 1, 44. Both parties cross-move for summary judgment on all four claims.

**A. Title VII Disparate Treatment**

Plaintiff argues that his summary judgment motion should be granted because he was treated less favorably than other similarly situated candidates for the GS-14 roles because of his race, color, and gender and Defendant cannot proffer a legitimate nondiscriminatory reason for his non-selection. *See generally* ECF No. 44. Defendant

cross-moves, contending that Plaintiff cannot establish a *prima facie* showing of discrimination because some of the selectees for the GS-14 roles shared the same protected characteristics as Plaintiff and "the facts demonstrate that Defendant did not treat others who were similarly situated any differently than Plaintiff." ECF No. 31 at 6. Defendant further contends that even if Plaintiff can make out a *prima facie* showing of discrimination, the legitimate non-discriminatory reason for Plaintiff's non-selection was that the selectees' interview scores were higher than Plaintiff's. *Id*.

Under Title VII, a claim for disparate treatment arises when an individual is "singled out and treated less favorably than others similarly situated on account of race, color, religion, sex, or national origin." *Co v. Wal-Mart Stores, Inc.*, No. 2:23-cv-03822-AB-E, 2023 U.S. Dist. LEXIS 145550, at *13 (C.D. Cal. Aug. 18, 2023) (citing *Jauregui v. Glendale*, 852 F.2d 1128, 1134 (9th Cir. 1988)); *see McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1121 (9th Cir. 2004). In the absence of direct evidence of discrimination, a plaintiff can establish a *prima facie* case by using the burden-shifting framework in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). *Opara v. Yellen*, 57 F.4th 709, 721 (9th Cir. 2023). To establish a *prima facie* case under *McDonnell Douglas*, a plaintiff must show: "(1) he belongs to a protected class; (2) he was qualified for the position; (3) he was subject to an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably." *Chuang v. Univ. of Cal. Davis*, 225 F.3d 1115, 1123 (9th Cir. 2000). The central focus of a disparate treatment inquiry is whether a plaintiff is treated "less favorably than others because of their [protected class]." *Gardias v. San Jose State Univ.*, No. C04-04086 HRL, 2009 U.S. Dist. LEXIS 29701, at *42 (N.D. Cal. Mar. 31, 2009) (quoting *Furnco Constr. Corp. v. Waters*, 438 U.S. 567, 577, 98 S. Ct. 2943, 2949 (1978)).

If the plaintiff succeeds in demonstrating a *prima facie* case, discrimination is presumed and "the burden of production shifts to the [defendant-employer] to articulate a legitimate nondiscriminatory reason for the employment decision." *Leong v. Potter*, 347 F.3d 1117, 1124 (9th Cir. 2003). Finally, the burden returns to the plaintiff to show that

the articulated reason is a pretext for discrimination. *Id.*; *Chuang*, 225 F.3d at 1124. "Despite this intermediate shifting of the evidentiary burdens, the ultimate burden of persuasion 'remains with the plaintiff.'" *Merrick v. Hilton Worldwide, Inc.*, 867 F.3d 1139, 1146 (9th Cir. 2017).

### 1. Race and Color Discrimination

Plaintiff seeks summary judgment on his race and color discrimination claim, arguing that he was treated less favorably in consideration for the DBO role because he was required to submit references. ECF No. 44 at 7. In urging this view, Plaintiff states that another Black candidate, Lawson, was required to submit references while white candidates were not. *Id.* Plaintiff claims that Defendant only subjecting him and Lawson to a reference check conflicts with Defendant's policy to require references from all candidates before hiring. *Id.* at 7-8; ECF No. 44-3 at 452.

In its moving and opposing papers, Defendant contends that Plaintiff has failed to establish a *prima facie* case of race discrimination because one of the two DBO selectees, Lawson, is Black, and therefore shares the same protected characteristic as Plaintiff. ECF Nos. 31 at 6, 46 at 4. For this reason, Defendant maintains that "the facts demonstrate that Defendant did not treat others who were similarly situated any differently than Plaintiff based on [race and color.]" ECF No. 46 at 4. The Court disagrees.

As an initial matter, the first three elements of the *McDonnell Douglas* analysis are not in dispute. Defendant's cross-motion nor opposing papers contest Plaintiff's race or color. Plaintiff's qualification for the role is also uncontested as the record shows that Defendant extended an interview offer to Plaintiff because he was qualified. ECF No. 31-4 at 3. It is also well-established that non-selection or non-promotion constitutes an adverse employment action. *See Breiner v. Nev. Dep't of Corr.*, 610 F.3d 1202, 1208 (9th Cir. 2010). Accordingly, the Court turns to the fourth element.

#### a. Less Favorable Treatment

First, Defendant argues that the reference submission requirement could not have been because of race because one of the two DBO selectees, Lawson, is Black and

therefore cannot establish a *prima facie* case of discrimination. ECF Nos. 31 at 6; 38 at 1; 46 at 4. Defendant is mistaken. "[A] plaintiff is not precluded from bringing suit merely because a person of the same protected class is selected for the challenged position." *Diaz v. Am. Tel. & Tel.*, 752 F.2d 1356, 1360 (9th Cir. 1985); *see Caldwell v. Washington*, 278 F. App'x 773, 776 (9th Cir. 2008) ("[Plaintiff-Appellant] presented a successful *prima facie* case of disparate treatment under the *McDonnell Douglas* framework despite the fact that the chosen candidate was a member of the same relevant protected class as [her]."). Thus, this argument is unavailing.

Second, although the record shows that, of the three other white candidates, only Plaintiff and Lawson were required to submit references, Defendant argues that this differential treatment was not based on race. ECF Nos. 38 at 1, 46 at 4-5. Rather, Defendant states that the existing policy required candidates not currently working in the Office of Compliance and Enforcement ("OCE") of the DBO to submit references and Plaintiff and Lawson were not working in the OCE at the time of their interviews. *See* ECF No. 38 at 1. Plaintiff counters, stating that the actual written policy was that all candidates were required to provide references. ECF No. 44 at 7-8. Plaintiff also claims that Defendant's explanation is incredulous because Defendant cannot produce documents illustrating this policy and Defendant has confirmed in responses to Plaintiff's interrogatories and request for production that it has no evidence of OCE requiring non-OCE candidates to provide references during the same time Plaintiff interviewed for the GS-14 position. *Id.* at 7. Plaintiff, however, does not cite any specific interrogatories or production requests in the record showing this response from Defendant. *Id.*

Because Defendant points to nowhere in the record evincing a written policy mandating reference submissions from non-OCE workers, Defendant instead cites Farris Clarke's affidavit describing this policy, the candidates that were required to provide references are Black, and hiring documents provide that all candidates must submit references, a reasonable jury could find that Plaintiff was subjected to less favorable treatment on account of his race. ECF No. 44-3 at 452; *see generally* ECF Nos. 31, 38,

46. Therefore, Plaintiff has satisfied the *McDonnell Douglas* elements and thus raised a rebuttable presumption of discrimination.

### b. Non-Discriminatory Reason and Pretext

Defendant asserts that even if Plaintiff prevails in making a *prima facie* showing, Defendant's legitimate non-discriminatory reason for Plaintiff's non-selection is that his interview score was lower than the selectees. ECF No. 46 at 5. In the parties' cumulative summary judgment briefing, Plaintiff sidesteps Defendant's articulated non-discriminatory reason for its employment decision by never directly addressing how the interview score rationale is pretext for race-based discrimination.

Accordingly, the Court is guided by Ninth Circuit authority holding that a plaintiff cannot prevail on summary judgment "simply by making out a prima facie case," rather "the plaintiff must produce 'specific, substantial evidence of pretext.'" *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 890 (9th Cir. 1994). Plaintiff has not produced such evidence here.

As a result, the Court denies Plaintiff's Motion for Summary Judgment and grants Defendant's Motion for Summary Judgment.

### 2. Gender Discrimination

Plaintiff moves for summary judgment on his gender discrimination claim, asserting that his non-selection for the DPAL and DSP roles was based on gender because two female candidates were selected. ECF No. 44 at 12-13. Defendant cross-moves, arguing that there are no genuine issues of material fact that scoring had anything to do with gender and Plaintiff has produced no evidence suggesting an inference of discrimination showing otherwise. ECF Nos. 31 at 6, 38 at 2-3. The Court agrees.

At the outset, the first three *McDonnell Douglas* elements are not contested. Plaintiff is a male, was qualified for the GS-14 roles, and suffered an adverse employment decision as a result of his non-selection. The Court therefore grounds its analysis on the fourth element.

In making the argument that Plaintiff was treated less favorably because of his

gender, he points to the scoring decisions of one interview panelist: "the . . . ratings and scores by Steven Hilbert show that Steven Hilbert gave Plaintiff's response to Question No. 7 a '2' rating, whereas he gave Carolyn Lockeed, a '4' rating, despite there being no apparent difference or discernible rationale provided by Steven Hilbert to justify the lower candidate score to Plaintiff. As a result, Plaintiff has made a *prima facie* case showing discrimination on the basis of sex." ECF No. 44 at 12-13. Plaintiff further argues that Hilbert's scoring is unsupported because his interview notes contained "incomplete sentences" which shows "a visible and clear inconsistency in all of Steven Hilbert's ratings for candidates as he scored Kimberly Viola's answers to Question 2 and 5 as level 4 ratings." *Id*. at 13.

To survive summary judgment in an employment discrimination case, a plaintiff "must do more than express an opinion or make conclusory statements." *See Oberg v. Pub. Util. Dist. No. 2*, C.A. No. 96-36026, 1998 U.S. App. LEXIS 2680, at *4 (9th Cir. Feb. 17, 1998). Unless the plaintiff offers sufficient evidence to establish his *prima facie* case, the defendant is entitled to judgment as a matter of law. *See Rangel v. T-Mobile USA, Inc.*, No. 2:23-cv-03922-MCS-MRW, 2024 U.S. Dist. LEXIS 134743, at *16 (C.D. Cal. July 30, 2024) (citing *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1106 (9th Cir. 2000)).

While the Court agrees that factual disputes may exist, none are material. Plaintiff merely advances opinions and conclusory statements that in one of the nine questions he received a lower score by Hilbert than the two female selectees, and he believes Hilbert's interview notes do not justify his scoring decision. ECF No. 44 at 12-13. Although it is clear that women were hired for the DPAL and DSP roles instead of Plaintiff, this alone does not sufficiently establish a *prima facie* case. *See Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028 n.6 (9th Cir. 2006) ("[A] plaintiff [may not] create a genuine issue of material fact by relying solely on the plaintiff's subjective belief that the challenged employment action was unnecessary or unwarranted."). Thus, no reasonable jury could infer gender discrimination.

Because Plaintiff has not established the fourth element required to set forth a *prima facie* case, Defendant is entitled to summary judgment.

### B. Rehab Act Disparate Treatment

Plaintiff raises a disability-based disparate treatment claim, alleging that Farris-Clarke intentionally chose not to contact each of his references but contacted all of Lawson's references, a non-disabled candidate, for the DBO role. ECF Nos. 44 at 14, 35 at 7. Plaintiff contends that such actions constitute differential treatment on the basis of disability. *Id*. In response, Defendant argues Farris-Clarke reached out to all of Plaintiff's references and even if she had not Plaintiff presents no evidence linking the alleged failure to his disability. ECF Nos. 38 at 4, 46 at 6.

Under the Rehabilitation Act, organizations receiving federal funding are prohibited from "discriminating against people with disabilities." *Mark H. v. Hamamoto*, 620 F.3d 1090, 1097 (9th Cir. 2010). Courts analyze such disability discrimination claims using the *McDonnell Douglas* burden-shifting scheme. *See Mattioda v. Nelson*, 98 F.4th 1164, 1178 (9th Cir. 2024); *Brown v. Brennan*, No. 16-cv-06972-EDL, 2019 U.S. Dist. LEXIS 247972, at \*22 (N.D. Cal. Oct. 7, 2019). To establish a *prima facie* case, a plaintiff must show that (1) he is a person with a disability; (2) otherwise qualified for employment; and (3) suffered discrimination because of his disability. *See Mattioda*, 98 F.4th at 1178. Only if a Plaintiff demonstrates a *prima facie* case, the burden shifts to the employer to articulate a legitimate non-discriminatory reason for the adverse employment action. *See id*. "If the employer meets that burden, then the employee must show that the employer's reason is pretextual." *Id*.

Neither party disputes the first two elements. ECF Nos. 31, 44. The Court's analysis accordingly turns to whether Plaintiff established that he suffered discrimination because of his disability. The Court finds Plaintiff has not. Again, here, Plaintiff demonstrates a factual dispute, but not a material one. Namely, out of three references Plaintiff submitted, Plaintiff avers that Defendant only contacted one. ECF No. 44 at 14. Defendant factually challenges Plaintiff's assertions arguing that Farris-Clarke "reached

out to all of Plaintiff's professional references." ECF No. 46 at 6. Defendant directs the Court to Farris-Clarke's affidavit stating that she called one reference and emailed another who lived in Japan but never received a timely response to make hiring decisions. *Id.* (citing ECF No. 31-4 at 3). Farris-Clarke's affidavit is silent as to the third reference. ECF No. 31-4 at 3. Whether Defendant contacted one or none of Plaintiff's references, Plaintiff fails to meet its burden of showing how either scenario was because of his disability. *Anderson*, 477 U.S. at 248 ("As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit . . . will properly preclude the entry of summary judgment.").

Because Plaintiff failed to meet his *prima facie* burden to show that his non-selection was because of his disability, the Court does not continue the *McDonnell Douglas* burden-shifting analysis. Consequently, Defendant is entitled to summary judgment.

**C. Retaliation**

Plaintiff invites the Court to enter summary judgment in his favor on his retaliation claim asserting that his interviewers for the various GS-14 roles "establish[ed] a deliberate and intentional effort to marginalize and diminish Plaintiff's candidacy" because of his previous protected activity. ECF No. 44 at 21. Specifically, Plaintiff alleges that, Farris-Clarke, Hilbert, and Jackson, communicated with Defendant's in-house counsel to inquire about Plaintiff's prior protected activity. *Id*. Defendant argues that the record is devoid of evidence evincing a causal link between Plaintiff's prior protected activity and his non-selection. ECF No. 46 at 8. The Court agrees and rejects Plaintiff's invitation.

Courts analyze Title VII retaliation claims by applying the *McDonnell Douglas* scheme. *See Mendoza v. DeJoy*, No. 21-cv-00991-H-JLB, 2022 U.S. Dist. LEXIS 239023, at *10 (S.D. Cal. Dec. 20, 2022) (citing *Surrell v. Cal. Water Serv.*, 518 F.3d 1097, 1105-06 (9th Cir. 2008)). To establish a *prima facie* case of Title VII retaliation, a plaintiff must show that: (1) he engaged in protected activity, (2) he suffered an adverse

11

3:22-cv-00115-JES-JLB

employment action, and (3) there is a causal link between the protected activity and the adverse employment action. *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1093-94 (9th Cir. 2008). "Once established, the burden shifts to the defendant to set forth a legitimate, non-retaliatory reason for [the adverse employment action]." *Surrell*, 518 F.3d at 1108. If defendant articulates such a reason, plaintiff must demonstrate that the defendant's stated reason is pretextual. *Id*. Entry of summary judgment for the defendant is appropriate where the plaintiff fails to make a *prima facie* showing of a Title VII claim. *See Yartzoff v. Thomas*, 809 F.2d 1371, 1374 (9th Cir. 1987).

Defendant concedes that Plaintiff engaged in a protected activity. ECF No. 31 at 8. Defendant identifies this activity as a previous employment matter where an AJ found that Jackson discriminated against Plaintiff "by failing to sufficiently engage in the interactive process [regarding] his accommodation requests." *Id*. Plaintiff's non-selection constituting as an adverse employment action is undisputed. The Court thus resolves the parties Cross-Motions for Summary Judgment based on the third element requiring but-for causation. *See Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 360, 133 S. Ct. 2517, 2533 (2013).

Though, Defendant had knowledge of Plaintiff's June and July 2019 protected activity concerning his reasonable accommodation requests, ECF Nos. 31-4 at 1, 44 at 3, the eleven-to-twelve-month time lapse between that event and Plaintiff's June 2020 non-selection is too remote to suggest causality. *Manatt v. Bank of Am.*, 339 F.3d 792, 802 (9th Cir. 2003) (explaining that temporality alone is sufficient to infer causation, but a time lapse of nine months supports no such inference); *Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273-74, 121 S. Ct. 1508, 1511 (2001) (recognizing that cases that accept temporality alone to show causation uniformly hold that the temporal proximity must be very close and collecting cases holding that a three- or four-month gap is too long).

The time lapse between each interviewer's alleged knowledge and Plaintiff's non-selection fares no better. As to Hilbert, Plaintiff alleges that "Hilbert sought legal advice from [Defendant's] General Counsel . . . concerning Plaintiff's prior EEO activity, which

involves Plaintiff's claims of discrimination based on disability, on June 27, 2019, and July 8, 2019, that is, nine [] months before Plaintiff's interview." ECF No. 44 at 21. A nine-month gap is too attenuated, let alone an eleven-to-twelve-month gap that exists between Hilbert's alleged knowledge and the non-selection. An eleven-to-twelve-month time gap also exists between Jackson's knowledge and Plaintiff's non-selection as she was the subject of Plaintiff's prior protected activity. *See* ECF Nos. 31, 44. As to Farris-Clarke, Plaintiff's briefing provides no argumentation or evidentiary support as to why Plaintiff alleges causality. ECF No. 44. As such, no reasonable jury can infer causation based on temporal proximity alone.

Plaintiff offers no other circumstantial evidence to establish a but-for causation, as causation need not be established by temporality alone. Plaintiff bears the burden of establishing every element of his claim, and Plaintiff has failed to show the requisite causal link between his protected activity and his non-selection. Plaintiff's Motion for Summary Judgment on this claim is denied.

Given that Plaintiff has not carried his *prima facie* burden to establish causality, the Court need not assess the parties' non-retaliatory or pretext arguments. Consequently, Defendant is entitled to summary judgment.

## IV. CONCLUSION

For the reasons stated above, Defendant's Motion for Summary Judgment is **GRANTED** and Plaintiff's Motion for Summary Judgment is **DENIED**. The Clerk of Court is directed to enter judgment for Defendants and against Plaintiff.

**IT IS SO ORDERED.**

**Dated:  August 21, 2024**

Honorable James E. Simmons Jr.
United States District Judge